# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

JAMES ADAM ROBERTS,

      Plaintiff,

v.                                         Case No. 2:15-cv-02268

M.O.C.C. CO ACE,
M.O.C.C. CO WILSON,
M.O.C.C. CO DAVID MON,
SGT. WITHROW,
DAVID HARREH, and
CAPTAIN BRIAN PENICK,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On February 25, 2015, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 1), alleging that the defendants used excessive force against him at the Mount Olive Correctional Complex on January 30, 2015. This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to a Standing Order (ECF No. 2), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On June 3, 2016, in order for this matter to proceed, the undersigned entered an Order directing the plaintiff to either pay the applicable $400 filing fee or file an Application to Proceed Without Prepayment of Fees or Costs by June 17, 2016. (ECF No.

3). The plaintiff has not complied with the undersigned's Order or participated in this litigation in any way since filing his Complaint. The undersigned's staff has determined that the plaintiff is now incarcerated at the Huttonsville Correctional Center; however, there is nothing on the docket sheet to indicate that the plaintiff did not receive the undersigned's prior Order.

On April 10, 2017, the undersigned entered an Order to Show Cause (ECF No. 4), directing the plaintiff to show cause why this civil action should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to the plaintiff's failure to comply with the undersigned's June 3, 2016 Order and the failure to prosecute this civil action. The plaintiff was notified that the failure to comply with the undersigned's Order shall result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As of today's date, the plaintiff has not complied with the undersigned's Order or communicated with the court in any way.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory

fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee or filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis*. It appears that the plaintiff no longer wishes to pursue this matter and the responsibility for the delay in the progress of this matter is entirely on the plaintiff. Thus, dismissal appears to be the only appropriate sanction. However, because the defendant was never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin. The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 22, 2017

Dwane L. Tinsley
United States Magistrate Judge